UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

Namel Norris,

Plaintiff,

vs,

Gnocchi on 9th Les LLC, a New York limited liability company, d/b/a GNOCCHI ON 9TH-LOWER EAST SIDE, and ORCHARD GARDEN REALTY LLC, a New York limited liability company,

Defendants

Docket No. 1:25-cv-09921

**ANSWER**

.

------------------------------------------------------------ x

Defendant, ORCHARD GARDEN REALTY LLC, through counsel, The Law Office of Avram E. Frisch LLC, answering the complaint says:

## **JURISDICTION AND PARTIES**

1. Defendant ORCHARD GARDEN REALTY LLC ("Orchard Garden") admits only that Plaintiff purports to bring an action for declaratory and injunctive relief under Title III of the ADA, and otherwise denies the remaining allegations in paragraph 1.

2. Defendant admits that Plaintiff alleges venue is proper in this District, and otherwise lacks knowledge or information sufficient to form a belief as to Plaintiff's remaining allegations in paragraph 2 and therefore denies the same.

3. Paragraph 3 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in paragraph 3.

4. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 4 and therefore denies the same.

5. Defendant admits that Orchard Garden Realty LLC is a New York limited liability company. Defendant further admits that Plaintiff alleges that GNOCCHI ON 9TH LES LLC is the lessee and/or operator of the premises located at 158 Orchard Street, New York, New York (the "Premises"). Defendant denies that Orchard Garden is the "owner, lessor and/or operator" of the Premises as alleged, denies that it "maintains and controls" the "Subject Facilities" as alleged, and otherwise denies the remaining allegations in paragraph 5.

6. Defendant admits only that Plaintiff alleges events giving rise to this lawsuit occurred in New York, New York, and otherwise denies the remaining allegations in paragraph 6.

## COUNT I

7. Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in paragraph 7.

8. Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in paragraph 8.

9. Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in paragraph 9.

10. Paragraph 10 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in paragraph 10.

11. Paragraph 11 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in paragraph 11.

12. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 12 and therefore denies the same.

13. Paragraph 13 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in paragraph 13.

14. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 14 and therefore denies the same.

15. Paragraph 15 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in paragraph 15.

16. Paragraph 16 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in paragraph 16.

17. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 17 and therefore denies the same.

18. Paragraph 18 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in paragraph 18.

19. Paragraph 19 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in paragraph 19.

20. Paragraph 20 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in paragraph 20.

## **COUNT II**

21. Paragraph 21 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in paragraph 21.

22. Paragraph 22 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in paragraph 22.

23. Defendant repeats its responses to the cited paragraphs as if fully set forth herein.

## **COUNT III**

24. Defendant admits only that paragraph 24 purports to quote provisions of the New York Executive Law, but denies any characterization not reflected in the text itself and otherwise denies the remaining allegations in paragraph 24.

25. Defendant admits only that Plaintiff alleges the Premises are a place of public accommodation, and otherwise denies the allegations in paragraph 25.

26. Defendant denies the allegations in paragraph 26.

27. Defendant denies the allegations in paragraph 27.

28. Defendant repeats its responses to the cited paragraphs as if fully set forth herein.

## **COUNT IV**

29. Defendant denies the allegations in paragraph 29.

30. Defendant denies the allegations in paragraph 30.

31. Paragraph 31 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in paragraph 31.

32. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 32 and therefore denies the same.

33. Defendant denies the allegations in paragraph 33.

34. Defendant denies the allegations in paragraph 34.

35. Defendant denies the allegations in paragraph 35.

36. Defendant denies the allegations in paragraph 36, including that Plaintiff is entitled to punitive damages.

37. Defendant repeats its responses to the cited paragraphs as if fully set forth herein.

## ATTORNEYS FEES AND COSTS

38. Defendant admits only that Plaintiff alleges he retained counsel and seeks attorneys' fees and costs, and otherwise denies the allegations in paragraph 38.

39. Defendant admits only that Plaintiff purports to seek relief pursuant to N.Y. Exec. Law § 297, and otherwise denies the allegations in paragraph 39.

## DAMAGES

40. Defendant admits only that Plaintiff demands monetary relief as alleged, and otherwise denies the allegations in paragraph 40.

## INJUNCTIVE RELIEF

41. Defendant admits only that the ADA includes provisions relating to injunctive relief, and otherwise denies the allegations in paragraph 41.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**The Complaint, in whole or in part, fails to state a claim upon which relief can be granted against Orchard Garden.**

### SECOND AFFIRMATIVE DEFENSE

**Plaintiff lacks standing, in whole or in part, including because Plaintiff cannot establish a real and immediate threat of future injury as required for injunctive relief under Article III and/or cannot establish standing as to alleged barriers not encountered.**

### THIRD AFFIRMATIVE DEFENSE

**Orchard Garden is not a proper party for some or all of the relief sought because Orchard Garden does not own, operate, manage, or control the areas and/or features alleged to be noncompliant, and liability cannot be imposed on Orchard Garden for conditions outside its possession, operation, custody, and/or control.**

### FOURTH AFFIRMATIVE DEFENSE

Orchard Garden did not discriminate against Plaintiff and has not violated the ADA, NYCHRL, NYSHRL, or any other applicable law.

### FIFTH AFFIRMATIVE DEFENSE

To the extent any barrier removal or modification is required, such relief is limited by statutory and regulatory standards, including "readily achievable" barrier removal, technical infeasibility, structural impracticability, and/or disproportionality, and Plaintiff cannot meet the applicable burden(s).

### SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims are predicated on alterations, Orchard Garden denies that any qualifying alterations occurred as alleged and asserts all applicable defenses, limitations, and safe harbors, including any defenses relating to the timing and scope of alleged alterations and applicable standards.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, are barred by mootness to the extent any alleged condition has been corrected, is in the process of being corrected, or will be corrected such that there is no live controversy or basis for injunctive relief against Orchard Garden.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks relief requiring specialized technical determinations regarding accessibility standards and remediation, the Court should defer, limit relief, or stay proceedings as appropriate under the primary jurisdiction doctrine and/or related principles.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join one or more necessary and indispensable parties, including parties that own, lease, occupy, operate, manage, or control areas and conditions at issue, and the Complaint should be dismissed in whole or in part pursuant to Rule 19.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages (if any are available under applicable law) and/or for equitable relief are barred or limited by failure to mitigate and/or avoidable consequences.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by equitable doctrines including unclean hands, laches, waiver, estoppel, and/or related equitable defenses.

## TWELFTH AFFIRMATIVE DEFENSE

Punitive damages are not recoverable against Orchard Garden on the facts alleged and/or under applicable law, and in any event Plaintiff has failed to plead facts sufficient to support punitive damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to attorneys' fees or costs, and any such award is limited by applicable statutes, rules, and principles of reasonableness, proportionality, and success.

## FOURTEENTH AFFIRMATIVE DEFENSE

**Orchard Garden reserves the right to assert additional defenses that become known through discovery and investigation.**

|  |  |
|---|---|
| | **THE LAW OFFICE OF AVRAM E. FRISCH  LLC** |
| Hackensack, New Jersey<br>Dated: February 25, 2026 | /s/ Avram E. Frisch_____<br>Avram E. Frisch, Esq.<br>1 University Plaza, Suite 119<br>Hackensack, NJ 07601<br>201-289-5352<br>frischa@avifrischlaw.com<br>*Attorney for Defendant Orchard Garden Realty LLC* |

## **JURY DEMAND**

Defendant ORCHARD GARDEN REALTY LLC hereby demands a jury trial on all issues so triable.

Hackensack, New Jersey

Dated: February 25, 2026

/s/ Avram E. Frisch<br>
AVRAM E. FRISCH, ESQ.<br>
Attorney for