UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ X:
:
NAMEL NORRIS,                                           :
:
Plaintiff,                                             :     **Case No.  1:25-cv-09921**
:
v.                                                     :     **ANSWER TO COMPLAINT BY**
:     **GNOCCHI ON 9TH LES LLC AND**
GNOCCHI ON 9TH LES LLC, a New York                     :     **DEMAND FOR JURY TRIAL**
limited liability company, d/b/a GNOCCHI                :
ON 9TH-LOWER EAST SIDE, and                            :
ORCHARD GARDEN REALTY LLC, a New X
York limited liability company,

Defendants.

------------------------------------------------------

Defendant Gnocchi on 9th LES LLC ("Gnocchi" or "Defendant"), by and through

undersigned counsel, answers the Complaint of Plaintiff Namel Norris ("Plaintiff") as follows.

In response to all non-numbered paragraphs, and each and every substantive allegation of

the Complaint, Defendant denies that it violated the law and/or that it harmed Plaintiff in any

way. To the extent any allegation is not expressly admitted, it is denied.

## JURISDICTION AND PARTIES

1.      The allegations set forth in Paragraph "1" of the Complaint are legal conclusions

to which no response is required; to the extent a response is required, Defendant denies the

allegations except to admit Plaintiff seeks to bring the causes of action set forth therein.

2.      The allegations set forth in Paragraph "2" of the Complaint are legal conclusions

to which no response is required; to the extent a response is required, Defendant respectfully

refers the Court to the statutes cited for their contents.

3.      The allegations set forth in Paragraph "3" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendant respectfully refers the Court to the statutes cited for their contents.

4.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "4" and therefore denies the same.

5.      Defendant denies the allegations set forth in Paragraph "5" of the Complaint, except admits that Gnocchi on 9th LES LLC is a New York limited liability company that conducts business in New York State.

6.      Defendant denies the allegations set forth in Paragraph "6" of the Complaint.

## COUNT I – [ALLEGED] VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

7.      The allegations set forth in Paragraph "7" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendant respectfully refers the Court to the statutes cited for their contents.

8.      The allegations set forth in Paragraph "8" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendant respectfully refers the Court to the statutes cited for their contents.

9.      The allegations set forth in Paragraph "9" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendant respectfully refers the Court to the statutes cited for their contents.

10.      The allegations set forth in Paragraph "10" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendant respectfully refers the Court to the statutes cited for their contents.

11.     The allegations set forth in Paragraph "11" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendant respectfully refers the Court to the statutes cited for their contents.

12.     The allegations set forth in Paragraph "12" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendant denies the allegations set forth in Paragraph "12" of the Complaint.

13.     Defendant denies the allegations set forth in Paragraph "13" of the Complaint.

14.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "14" and therefore denies the same.

15.     The allegations set forth in Paragraph "15" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendant respectfully refers the Court to the statutes cited for their contents.

16.     Defendant denies the allegations set forth in Paragraph "16" of the Complaint.

17.     Defendant denies the allegations set forth in Paragraph "17" of the Complaint.

18.     Defendant denies the allegations set forth in Paragraph "18" of the Complaint.

19.     The allegations set forth in Paragraph "19" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendant denies the allegations set forth in Paragraph "19" of the Complaint.

20.     The allegations set forth in Paragraph "20" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendant respectfully refers the Court to the statutes cited for their contents.

182081033.1

## COUNT II – [ALLEGED] VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW

21.     The allegations set forth in Paragraph "21" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendant respectfully refers the Court to the statutes cited for their contents.

22.     Defendant denies the allegations set forth in Paragraph "22" of the Complaint.

23.     In response to Paragraph "23" of the Complaint, Defendant repeats and restates each of the above responses as if fully set forth in their entirety here.

## COUNT III – [ALLEGED] VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW

24.     The allegations set forth in Paragraph "24" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendant respectfully refers the Court to the statutes cited for their contents.

25.     The allegations set forth in Paragraph "25" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendant respectfully refers the Court to the statutes cited for their contents.

26.     Defendant denies the allegations set forth in Paragraph "26" of the Complaint.

27.     Defendant denies the allegations set forth in Paragraph "27" of the Complaint.

28.     In response to Paragraph "28" of the Complaint, Defendant repeats and restates each of the above responses as if fully set forth in their entirety here.

## COUNT IV – [ALLEGED] VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK

29.     Defendant denies the allegations set forth in Paragraph "29" of the Complaint.

30.     Defendant denies the allegations set forth in Paragraph "30" of the Complaint.

182081033.1

31.     The allegations set forth in Paragraph "31" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendant respectfully refers the Court to the statutes cited for their contents.

32.     The allegations set forth in Paragraph "32" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendant respectfully refers the Court to the statute and authority cited for their contents.

33.     Defendant denies the allegations set forth in Paragraph "33" of the Complaint.

34.     Defendant denies the allegations set forth in Paragraph "34" of the Complaint.

35.     Defendant denies the allegations set forth in Paragraph "35" of the Complaint.

36.     Defendant denies the allegations set forth in Paragraph "36" of the Complaint.

37.     In response to Paragraph "37" of the Complaint, Defendant repeats and restates each of the above responses as if fully set forth in their entirety here.

## [ALLEGED] ATTORNEYS' FEES AND COSTS

38.     Defendant denies the allegations set forth in Paragraph "38" of the Complaint.

39.     The allegations set forth in Paragraph "39" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendant denies the allegations except to admit Plaintiff seeks the relief set forth therein but denies that he is entitled to such relief.

## [ALLEGED] DAMAGES

40.     The allegations set forth in Paragraph "40" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendant denies the allegations except to admit Plaintiff seeks the relief set forth therein but denies that he is entitled to such relief.

182081033.1

## [ALLEGED] INJUNCTIVE RELIEF

41.     The allegations set forth in Paragraph "41" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendant denies the allegations except to admit Plaintiff seeks the relief set forth therein but denies that he is entitled to such relief.

42.     In response to the paragraph and subparagraphs (A) through (E) that follow "WHEREFORE," Defendant denies the allegations set forth in that paragraph and the subparagraphs and affirmatively avers that Plaintiff is not entitled to any of the relief requested, or any relief.

## AFFIRMATIVE AND OTHER DEFENSES

In further answer to the Complaint, and as separate and distinct affirmative and other defenses, Defendant alleges the following defenses.  In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

## FIRST AFFIRMATIVE DEFENSE

1.     The Complaint, and the claims therein, fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

2.     Plaintiff has not been denied the full and safe access to all of the benefits, accommodations, and services of the Subject Facilities.

## THIRD AFFIRMATIVE DEFENSE

3.     The Complaint fails to state a claim upon which an award of counsel fees, costs, or interest can be granted.

182081033.1

## FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiff's claims, or the damages Plaintiff may recover, are barred or diminished in whole or in part by the equitable doctrines of laches, unclean hands, estoppel, waiver, and/or avoidable consequences.

## FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiff is barred or estopped by Plaintiff's own conduct from recovering any relief.

## SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiff lacks standing to bring some or all of the claims asserted herein and/or to obtain the relief requested and has failed to properly allege standing to assert some or all of the claims that he has attempted to allege in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

7.      The Complaint fails to state a claim upon which relief consisting of compensatory or liquidated damages or any other damages, interest, costs, or fees allowed by applicable law may be granted.

## EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiff failed to provide any notice of alleged violations prior to commencing this action, and Defendant did not have any actual or constructive notice regarding any accessibility issues at its premises.

## NINTH AFFIRMATIVE DEFENSE

9.      The Complaint fails to state a claim upon which an award of punitive damages can be granted.

182081033.1

## TENTH AFFIRMATIVE DEFENSE

10.     Any action taken that allegedly adversely affected Plaintiff was taken in good faith and for legitimate business reasons.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     There are no barriers to accessibility at the Subject Facilities. Assuming, *arguendo*, that any barriers as alleged do exist, their removal is not readily achievable in whole or in part and/or they do not materially affect the usability of goods, facilities and services of the Subject Facilities and are within construction tolerances.

## TWELFTH AFFIRMATIVE DEFENSE

12.     Assuming, *arguendo*, that the ADA Accessibility Guidelines are deemed relevant in this case, any deviations from those guidelines are *de minimis* and within construction tolerances and do not materially affect the usability of the features in question.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     All actions taken with regard to the design and construction at the Subject Facilities were taken in good faith and for legitimate, lawful business reasons and/or predate the passage of the ADA and may not be a basis for liability.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     Some or all of the physical items alleged by Plaintiff are not architectural barriers to access and do not prevent the enjoyment of the goods and services of the Subject Facilities.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     Defendant has provided equivalent facilitation and/or appropriate means for patrons with disabilities to enjoy the goods, facilities and services at the Subject Facilities.

182081033.1

## SIXTEENTH AFFIRMATIVE DEFENSE

16.    Upon information and belief, Plaintiff's claims are barred in whole or in part because Plaintiff may not have been a *bona fide* patron at the Subject Facilities, but visited it, if at all, for purposes of instituting the instant litigation.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.    Plaintiff's claims are barred, in whole or in part, to the extent that he is not a qualified individual with a disability entitled to relief within the meaning of the statutes upon which he bases his claims.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.    Plaintiff's claims are barred because Defendant did not discriminate against Plaintiff or deny him a full and equal opportunity to enjoy the goods and services provided at the Subject Facilities, on the basis of an alleged disability.

## NINETEENTH AFFIRMATIVE DEFENSE

19.    Plaintiff's alleged injuries and/or damages, if any, were not caused by any act or omission of Defendant.

## TWENTIETH AFFIRMATIVE DEFENSE

20.    Many, if not all, of the alleged conditions no longer exist, and, therefore, Plaintiff's claims for relief are moot.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.    Plaintiff is not entitled to the recovery of attorneys' fees for moot claims under *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598 (2001).

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.    Plaintiff has failed to mitigate any alleged damages, and, therefore, any entitlement to any alleged damages is expressly denied.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.    Plaintiff's claims are barred, in whole or in part, because the design and construction of the Subject Facilities preceded the enactment of the ADA.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.    Defendant is not responsible for any alleged violations that existed prior to the commencement date of any and all relevant agreements for use of the premises.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.    Defendant is not responsible for any alleged violations in areas of the premises over which it does not have control.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.    Defendant reserves the right to assert additional defenses with regard to some or all of Plaintiff's claims.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.    Upon information and belief, Plaintiff is a serial litigant who has filed numerous substantially similar ADA lawsuits against other businesses, and whose primary purpose in visiting Defendant's premises, if at all, was to identify potential bases for litigation rather than as a bona fide patron seeking goods or services.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.    To the extent any alleged barriers exist, such barriers are the responsibility of parties other than Defendant as tenant and/or lessee of the Subject Facilities.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

29.    The Subject Facilities substantially comply with all applicable accessibility requirements, and any alleged deviations are within acceptable construction tolerances under the ADA Accessibility Guidelines and do not constitute actionable barriers.

## THIRTIETH AFFIRMATIVE DEFENSE

30.    Any modifications to the Subject Facilities that may be required by the ADA are not readily achievable and/or would impose an undue burden on Defendant in light of the nature and cost of the modifications, the overall financial resources of Defendant, the number of persons employed by Defendant, and the type of operations conducted by Defendant.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

31.    The Subject Facilities were designed and constructed in compliance with the accessibility standards in effect at the time of construction and/or last alteration, and Defendant is entitled to the safe harbor protections afforded under 28 C.F.R. § 36.304 and applicable law.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

32.    Defendant has at all times offered and provided alternative means of access and/or equivalent services to patrons with disabilities, including Plaintiff, such that Plaintiff was not denied full and equal enjoyment of the goods and services offered at the Subject Facilities.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

33.    Plaintiff suffered no actual injury, harm, or damages as a result of any alleged conduct by Defendant, and Plaintiff's claims for compensatory and punitive damages are therefore barred.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

34.    Defendant's conduct was not willful, wanton, malicious, or in reckless disregard of Plaintiff's rights, and Plaintiff is therefore not entitled to an award of punitive damages under the Administrative Code of the City of New York or any other applicable law.

### DEFENDANT'S PRAYER FOR RELIEF

**WHEREFORE**, having fully answered and responded to the allegations of the Complaint, Defendant respectfully requests that this Court enter judgment in its favor and against Plaintiff as follows:

(A)    Dismiss all of Plaintiff's claims in their entirety and with prejudice;

(B)    Deny each and every request for relief sought by Plaintiff in the Complaint;

(C)    Enter judgment against Plaintiff and in favor of Defendant;

(D)    Award Defendant its costs, including reasonable attorneys' fees and expenses in an amount and manner permitted by applicable law; and

(E)    Grant Defendant such other and further relief as this Court may deem just and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant hereby demands

a trial by jury on all issues contained in the Complaint and its Answer.

Dated: March 9, 2026

FOX ROTHSCHILD LLP


By**:** */s/ Alexander W. Bogdan, Esq.*
Alexander W. Bogdan, Esq.
101 Park Avenue, 17th Floor
New York, New York 10178
Tel: (212) 878-7900
*Attorneys for Defendant*

182081033.1